**BUCHANAN INGERSOLL & ROONEY PC**
Andrew Hope, Esq. (NY Bar Id. 4913547).
Makenzie P. Leh, Esq. (*Pro Hac* Admission Forthcoming)
640 5th Avenue, 9th Floor
New York, New York 10019-6102
215 665 5322 (o)
andrew.hope@bipc.com
makenzie.leh@bipc.com
*Counsel for Trans Union, LLC*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

---

CRYSTAL AMARO SALAZAR     CASE NO.

    Plaintiff,

 vs.

TRANS UNION (OF DELAWARE), LLC
dba TRANSUNION and EXPERIAN
INFOMRATION SOLUTIONS, INC. dba
EXPERIAN,

    Defendants.

---

## TRANS UNION, LLC'S NOTICE OF REMOVAL

---

   Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Trans Union, LLC ("TransUnion") hereby removes the subject action from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York on the following grounds:

   1.  Plaintiff Crystal Amaro Salazar ("Salazar") is a natural person who resides in the State of New York.

2.     Defendant TransUnion is a Delaware corporation with its principal place of business in Illinois.

## NATURE OF CASE

3.     On February 27, 2025, Salazar commenced this action in the Supreme Court of the State of New York, County of Queens, entitled *Crystal Amaro Salazar v. Trans Union (of Delaware), LLC dba TransUnion and Experian Information Solutions, Inc. dba Experian.,* Index Number 705702/2025 via a Summons with Complaint (the "Complaint"). A true and correct copy of the Summons with Complaint is attached hereto as **Exhibit A**.

4.     On March 11, 2025, Salazar served TransUnion with the Complaint. *See* id.  No other process, pleadings, or orders have been served on TransUnion.

5.     Morales makes claims under and alleges that TransUnion violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA"). *See* Ex. A.

6.     This Court has original jurisdiction over the subject action pursuant to 28 U.S.C. § 1331 since there is a federal question.  As alleged, this suit falls within the FCRA which thus supplies this federal question.

7.     Pursuant to 28 U.S.C. § 1441, et seq., this cause may be removed from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York.

8.     Removal is timely under 28 U.S.C. § 1446 because this Notice of Removal is filed within 30 days after TransUnion's receipt of a copy of the Complaint, filed in the Supreme Court of the State of New York, County of Queens.

9.      Attached hereto as **<u>Exhibit B</u>** is a copy of TransUnion's Notice of Filing Notice of Removal to be filed in the Supreme Court of the State of New York, County of Queens, Index Number 705702/2025.

10.     Defendant, Experian Information Solutions, Inc. ("Experian") has consented to this removal. Attached hereto as **<u>Exhibit C</u>** is a copy of Experian's Consent form.

11.     Notice of this Removal will promptly be filed with the Supreme Court of the State of New York, County of Queens and served upon all parties.

**WHEREFORE**, Defendant TransUnion, by counsel, removes the subject action from the Supreme Court of the State of New York, County of Queens to this United States District Court, Eastern District of New York.

Date: March 31, 2025                            **BUCHANAN INGERSOLL & ROONEY PC**


                                                 /s/ *Andrew G. Hope*_____
                                                 Andrew G. Hope (NY Bar ID No. 4913547)
                                                 640 5th Avenue, 9th Floor
                                                 New York, New York 10019-6102
                                                 215 665 5322 (o)
                                                 andrew.hope@bipc.com

                                                 *Counsel for Trans Union, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 31st day of March, 2025, I caused a copy of the foregoing

Notice of Removal to be electronically filed with the Clerk via CM/ECF.  Notice of this filing

will be sent by email to all parties by operation of the court's electronic filing systems and via

United States First Class Mail.  Parties may access the filing through the Court's CM/ECF

System. Notice of this filing will also be sent to all parties via first-class mail.

Dated: March 31, 2025                            */s/ Andrew G. Hope*____
                                                Andrew G. Hope

# EXHIBIT A

Case 1:25-cv-01755-RER-LKE   Document 1   Filed 03/31/25   Page 6 of 34 PageID #: 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| CRYSTAL AMARO SALAZAR,<br><br>                                   Plaintiff,<br><br>              v.<br><br>TRANS UNION (OF DELAWARE), LLC<br>dba TRANSUNION and EXPERIAN<br>INFORMATION SOLUTIONS, INC. dba<br>EXPERIAN;<br><br>                              Defendants. | Index No.<br><br>**SUMMONS** |

To:

| [Defendant] **TRANS UNION (OF DELAWARE), LLC dba TRANSUNION**<br>c/o CORPORATION SERVICE COMPANY<br>80 State Street<br>Albany, NY 12207-2543 | [Defendant] **EXPERIAN INFORMATION SOLUTIONS, INC.**<br>c/o C T CORPORATION SYSTEM<br>28 Liberty St.<br>New York, NY 10005 |
|---|---|

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is NY CPLR § 503(a) based on Defendant TRANS UNION (OF DELAWARE), LLC dba TRANSUNION's residence in Queens County, New York.

Dated: New York, New York
      February 27, 2025

                             Brian L. Ponder, Esq.
                             BRIAN PONDER LLP
                             745 Fifth Avenue, Suite 500
                             New York, New York 10151-0099
                             Telephone: (646) 450-9461 (not for service)
                             Email: brian@brianponder.com (not for service)
                             ATTORNEY FOR PLAINTIFF

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| CRYSTAL AMARO SALAZAR, | |
| Plaintiff, | |
| v. | Index No. |
| TRANS UNION (OF DELAWARE), LLC dba TRANSUNION and EXPERIAN INFORMATION SOLUTIONS, INC. dba EXPERIAN; | **VERIFIED COMPLAINT AND JURY DEMAND** |
| Defendants. | |

Plaintiff CRYSTAL AMARO SALAZAR ("Plaintiff" or "Ms. Salazar"), via her counsel, as and for his Verified Complaint and Jury Demand against Defendant TRANS UNION (OF DELAWARE), LLC dba TRANSUNION ("TransUnion") and EXPERIAN INFORMATION SOLUTIONS, INC. dba EXPERIAN ("Experian") (collectively hereinafter "Defendants") alleges:

### I. PRELIMINARY STATEMENT

1. This action arises from TransUnion's failure to comply with its obligations under 15 U.S.C. § 1681i of the Fair Credit Reporting Act ("FCRA"), which requires consumer reporting agencies ("CRAs") to conduct a reasonable reinvestigation when a consumer disputes inaccurate or incomplete information contained in their consumer file or consumer report.

2. Plaintiff disputed the accuracy and completeness of multiple accounts appearing in her consumer credit file and reports, including accounts from LVNV Funding LLC, Midland Credit, JPMCB Card, Portfolio Recovery, Discover Bank, and Whidbey Island Bank.

3. Instead of conducting a meaningful or reasonable reinvestigation, Defendants responded with form-letter stall tactics, failing to take any substantive steps to verify, correct, or remove the inaccurate and incomplete data, in direct violation of the FCRA.

2

Case 1:25-cv-01755-RER-LKE   Document 1   Filed 03/31/25   Page 8 of 34 PageID #: 8   INDEX NO. 705702/2025

4. As a result of Defendants' misconduct alleged herein, Plaintiff has suffered, and continues to suffer, actual damages, including, but not limited to, denial of credit, harm to creditworthiness, emotional distress, and out-of-pocket costs.

## II. PARTIES

### A. Plaintiff CRYSTAL AMARO SALAZAR

### ("Plaintiff" or "Ms. Salazr")

5. Plaintiff CRYSTAL AMARO SALAZAR ("Plaintiff" or "Ms. Salazar") is an individual.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

### B. Defendant TRANS UNION (OF DELAWARE), LLC dba TRANSUNION

### ("TransUnion")

7. Defendant TRANS UNION (OF DELAWARE), LLC dba TRANSUNION ("TransUnion") is a foreign limited liability company registered with the New York Department of State Division of Corporations.

8. TransUnion's "ENTITY NAME" as registered with the New York Department of State Division of Corporations is "TRANS UNION (OF DELAWARE), LLC[.]"

9. TransUnion's "ENTITY TYPE" as registered with the New York Department of State Division of Corporations is "FOREIGN LIMITED LIABILITY COMPANY[.]"

10. TransUnion's "SECTION OF LAW" as registered with the New York Department of State Division of Corporations is "802 LLC – LIMITED LIABILITY LAW[.]"

11. TransUnion's "DATE OF INITIAL DOS FILING" with the New York Department of State Division of Corporations is "01/06/1999[.]"

12. TransUnion's "EFFECTIVE DATE INITIAL FILING" with the New York Department of State Division of Corporations is "01/06/1999[.]"

3

13. TransUnion's "FOREIGN FORMATION DATE" as listed with the New York Department of State Division of Corporations is "12/03/1998[.]"

14. TransUnion's "COUNTY" listed with its New York Department of State Division of Corporations registration is "QUEENS[.]"

15. TransUnion's "JURISDICTION" as listed with the New York Department of State Division of Corporations is "DELAWARE[.]"

16. TransUnion's "DOS ID" as registered with the New York Department of State Division of Corporations is "2331915[.]"

17. TransUnion's "FICTITIOUS NAME" as registered with the New York Department of State Division of Corporations is "TRANS UNION (OF DELAWARE), LLC[.]"

18. TransUnion's "ENTITY STATUS" as listed with the New York Department of State Division of Corporations is "ACTIVE[.]"

19. TransUnion's "STATEMENT STATUS" as listed with the New York Department of State Division of Corporations is "CURRENT[.]"

20. TransUnion's "NEXT STATEMENT DUE DATE" as listed with the New York Department of State Division of Corporations is "01/31/2027[.]"

21. TransUnion is engaged in the business of consumer credit reporting.

22. TransUnion maintains its principal office at 555 West Adams Street, Chicago, Illinois 60661.

23. TransUnion lists Queens County in its registration with the New York Department of State.

24. TransUnion conducts substantial business within the State of New York, County of Queens, and is therefore subject to the jurisdiction of this Court.

4

## C. DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC. dba EXPERIAN

### ("Experian")

25. Defendant EXPERIAN INFORMATION SOLUTIONS, INC. dba EXPERIAN ("Experian") a foreign business corporation registered with the New York Department of State Division of Corporations.

26. Experian's "ENTITY NAME" as registered with the New York Department of State Division of Corporations is "EXPERIAN INFORMATION SOLUTIONS, INC."

27. Experian's "ENTITY TYPE" as registered with the New York Department of State Division of Corporations is "FOREIGN BUSINESS CORPORATION[.]"

28. Experian's "SECTION OF LAW" as registered with the New York Department of State Division of Corporations is "1304 BCL – BUSINESS CORPORATION LAW[.]"

29. Experian's "DATE OF INITIAL DOS FILING" with the New York Department of State Division of Corporations is "10/18/1996[.]"

30. Experian's "EFFECTIVE DATE INITIAL FILING" with the New York Department of State Division of Corporations is "10/18/1996[.]"

31. Experian's "FOREIGN FORMATION DATE" as listed with the New York Department of State Division of Corporations is "02/18/1992[.]"

32. Experian's "COUNTY" listed with its New York Department of State Division of Corporations registration is "ALBANY[.]"

33. Experian's "JURISDICTION" as listed with the New York Department of State Division of Corporations is "OHIO, UNITED STATES[.]"

34. Experian's "DOS ID" as registered with the New York Department of State Division of Corporations is "2076147[.]"

5

35. Experian's "ENTITY STATUS" as listed with the New York Department of State Division of Corporations is "ACTIVE[.]"

36. Experian's "STATEMENT STATUS" as listed with the New York Department of State Division of Corporations is "CURRENT[.]"

37. Experian's "NEXT STATEMENT DUE DATE" as listed with the New York Department of State Division of Corporations is "10/31/2026[.]"

38. Experian's is engaged in the business of consumer credit reporting.

39. Experian maintains its principal office at 475 Anton Blvd, Costa Mesa, California 92626.

40. Experian lists Albany County in its registration with the New York Department of State.

41. Experian conducts substantial business within the State of New York, County of Queens, and is therefore subject to the jurisdiction of this Court

### III. JURISDICTION & VENUE

42. Jurisdiction is proper under NY CPLR § 301 and § 302 because Defendants transact business within the State of New York and maintain substantial contacts with consumers residing in the State of New York.

43. Venue is proper in the County of Queens pursuant to NY CPLR § 503 because Defendants regularly and systematically conduct business in Queens County, New York.

### IV. FACTUAL ALLEGATIONS

#### A. Plaintiff's Dispute of Inaccurate and Incomplete Information in Defendants' Files

44. On November 6, 2024, Plaintiff sent a written dispute letter to Experian, requesting a reinvestigation into the accuracy and completeness of an account reported by LVNV Funding LLC (Account No. *3830).

10. On October 2, 2024, Plaintiff sent a written dispute letter to TransUnion, requesting a reinvestigation of multiple accounts, including:

- Midland Credit (*2173)

- JPMCB Card (*7669)

- Portfolio Recovery (*2850)

- Discover Bank (*8711)

- Whidbey Island Bank (*2256)

45. Plaintiff expressly requested Defendants to conduct a thorough reinvestigation and ensure that all accounts were fully reported in compliance with Metro 2 industry standards.

46. A true and correct redacted copy of Plaintiff's dispute letter sent to Experian via U.S.P.S. first class mail on November 6, 2024, is attached hereto and incorporated herein as **Exhibit A.** [Note: Plaintiff's confidential personal information is redacted.]

47. Plaintiff's dispute letter sent to Experian also included Plaintiff's name, address, and date of birth.

48. Plaintiff's dispute letter to Experian provided sufficient information to be reinvestigated as required under Section 1681i of the FCRA.

49. A true and correct redacted copy of Plaintiff's dispute letter sent to TransUnion via U.S.P.S. First Class Mail on October 2, 2024, is attached hereto and incorporated herein as **Exhibit B**. [Note: Plaintiff's confidential personal information is redacted.]

50. Plaintiff's dispute letter sent to TransUnion via U.S.P.S. First Class Mail on January 14, 2025, also included Plaintiff's name and address.

51. Plaintiff's dispute letter to TransUnion via U.S.P.S. First Class Mail on January 14, 2025, provided sufficient information to be investigated.

7

**B. Defendants' Inadequate Response and Stalling**

52. Instead of conducting a reasonable reinvestigation as required under § 1681i of the FCRA, both Experian and TransUnion sent form-letter responses (hereinafter "Stall Letter(s)"), which failed to verify or correct the disputed information, and failed to address Plaintiff's concerns and indicated no results to any reinvestigation as required under the FCRA.

53. A true and correct redacted copy of the Stall Letter dated 12/23/2024, sent to Plaintiff by Experian, is attached hereto and incorporated herein as **Exhibit C**. [Note: Plaintiff's confidential personal information redacted.]

54. The Experian Stall Letter dated 12/23/202, did not confirm that Experian had:

    1. contacted the furnishers of the disputed tradeline;

    2. verified the completeness of the payment history;

    3. ensured Metro 2 compliance; or

    4. conducted a reasonable investigation of the disputed information as per the FCRA.

55. Instead of substantively responding to Plaintiff's dispute, Experian delayed and obfuscated its statutory duties under the FCRA, causing unnecessary frustration, harm, and economic injury to Plaintiff.

56. Experian failed to remove or verify Plaintiff's disputed accounts and did not conduct a meaningful reinvestigation as required by 15 U.S.C. § 1681i.

57. A true and correct redacted copy of the Stall Letter dated 10/9/2024, sent to Plaintiff by TransUnion, is attached hereto and incorporated herein as **Exhibit D**. [Note: Plaintiff's confidential personal information redacted.]

58. The TransUnion Stall letter dated 10/9/2024, did not confirm that TransUnion had:

    1. contacted the furnishers of the disputed tradeline;

8

Case 1:25-cv-01755-RER-LKE   Document 1   Filed 03/31/25   Page 14 of 34 PageID #:
14

2. verified the completeness of the payment history;

3. ensured Metro 2 compliance; or

4. conducted a reasonable investigation of the disputed information as per the FCRA.

59. Instead of substantively responding to Plaintiff's dispute, TransUnion delayed and obfuscated its statutory duties under the FCRA, causing unnecessary frustration, harm, and economic injury to Plaintiff.

60. TransUnion failed to remove or verify Plaintiff's disputed accounts and did not conduct a meaningful reinvestigation as required by 15 U.S.C. § 1681i.

## C. DEFENDANTS' VIOLATIONS OF THE FCRA

61. The FCRA, under 15 U.S.C. § 1681i(a)(1)(A), requires consumer reporting agencies ("CRAs") to conduct a reasonable reinvestigation within thirty (30) days when a consumer disputes an item in their consumer credit file.

62. Defendants violated this statutory obligation by:

a. Failing to conduct a reasonable reinvestigation into Plaintiff's disputed information;

b. Failing to remove or correct incorrect personal information on Plaintiff's credit file;

c. Failing to notify the furnishers of Plaintiff's dispute in violation of 15 U.S.C. § 1681i(a)(2); and

d. Failing to provide Plaintiff with an adequate response or justification for retaining inaccurate information.

63. As a result of these willful and negligent violations, Plaintiff has suffered significant harm, including denial of credit and damage to his creditworthiness.

## V. CAUSES OF ACTION

## COUNT ONE – VIOLATION OF THE FAIR CREDIT REPORTING ACT
## (15 U.S.C. § 1681i)

9

Case 1:25-cv-01755-RER-LKE   Document 1   Filed 03/31/25   Page 15 of 34 PageID #: 15

64. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 63 as if fully set forth herein.

65. Defendants' failure to conduct a reasonable reinvestigation and unlawful stalling tactics constitute violations of 15 U.S.C. § 1681i.

66. Plaintiff has suffered actual damages, including economic harm, credit denials, emotional distress, and loss of time and resources.

67. Plaintiff is entitled to statutory damages, actual damages, punitive damages, attorney's fees, and costs under 15 U.S.C. §§ 1681n and 1681o.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff CRYSTAL AMARO SALAZAR requests that this Honorable Court enter judgment against Defendants TRANS UNION (OF DELAWARE), LLC dba TRANSUNION and EXPERIAN INFORMATION SOLUTIONS, INC. dba EXPERIAN for:

a. An order compelling Defendants to comply with 15 U.S.C. § 1681i(a)(5)(A) and delete the disputed data that it failed to verify within the 30 days permitted under the FCRA;

b. Actual damages in an amount to be determined at trial;

c. Statutory damages of up to $1,000 per violation under 15 U.S.C. § 1681n(a)(1)(A);

d. Punitive damages under 15 U.S.C. § 1681n(a)(2);

e. Attorney's fees and costs under 15 U.S.C. §§ 1681n & 1681o; and

f. Any other relief this Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all issues so triable.

Case 1:25-cv-01755-RER-LKE    Document 1    Filed 03/31/25    Page 16 of 34 PageID #: 705702/2025
16

Respectfully submitted,

Dated: New York, New York
February 27, 2025

Brian L. Ponder, Esq.
BRIAN PONDER LLP
TRIAL LAWYERS
745 Fifth Avenue, Suite 500
New York, New York 10151-0099
Telephone: (646) 450-9461 (not for service)
Email: brian@brianponder.com (not for service)
ATTORNEY FOR PLAINTIFF

11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| CRYSTAL AMARO SALAZAR, | |
| Plaintiff, | |
| v. | Index No. |
| TRANS UNION (OF DELAWARE), LLC dba TRANSUNION and EXPERIAN INFORMATION SOLUTIONS, INC. dba EXPERIAN; | **ATTORNEY VERIFICATION PURSUANT TO NY CPLR § 3020** |
| Defendants. | |

I, Brian L. Ponder, Esq., am an attorney admitted to practice in the courts of the State of New York and the attorney of record for Plaintiff CRYSTAL AMARO SALAZAR in the within action. I have read the foregoing VERIFIED COMPLAINT AND JURY DEMAND and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true. The reason this verification is made by me and not by Plaintiff is that Plaintiff resides outside the County of New York, New York, wherein my office is located.

Dated: February 27, 2025

Brian L. Ponder, Esq.

Case 1:25-cv-01755-RER-LKE   Document 1   Filed 03/31/25   Page 18 of 34   PageID #: 705702/2025

# Exhibit A

Crystal A Salazar

██████████████

Experian
P.O. Box 4500
Allen TX 75013

11/06/2024

To: Experian ATTN: Supervisor, Legal Department.

**RE:** Credit Report Investigation Request

My full legal name is Crystal A Salazar. My social is . My date of birth is ██████████

I am seeking further information, regarding the accounts listed below, which appear on my credit report.

Please send all correspondence to me, at the address listed above. Thank you in advance for your cooperation.

I'm writing to you about *the following accounts*. I am requesting a thorough reinvestigation of the following accounts. Please make sure that all aspects of the accounts are reported 100% accurately. I also see that the payment history on these accounts is incomplete, with fields including the Scheduled Payment Amount & Actual Amount Paid missing in many instances.

LVNV FUNDING LLC - ████████████3830

My understanding is that full compliance with Metro 2, is the industry standard for proper credit reporting. For this reason, please make sure that these reports are in full compliance with Metro 2.

To respond to this letter, you may contact us by mail

**Mailing Address:**

██████████████

Sincerely,

1 of 2

Crystal A Salazar

Case 1:25-cv-01755-RER-LKE Document 1-2 Filed 03/31/25 Page 21 of 34 PageID #: 705702/2025
21

# Exhibit B

Crystal A Salazar



TransUnion
P.O. Box 2000
Chester PA 19016-2000

10/02/2024

To: TransUnion ATTN: Supervisor, Legal Department.

**RE:** Credit Report Investigation Request

I am seeking further information, regarding the accounts listed below, which appear on my credit report.

Please send all correspondence to me, at the address listed above. Thank you in advance for your cooperation.

I'm writing to you about *the following accounts*. I am requesting a thorough reinvestigation of the following accounts. Please make sure that all aspects of the accounts are reported 100% accurately. I also see that the payment history on these accounts is incomplete, with fields including the Scheduled Payment Amount & Actual Amount Paid missing in many instances.

MIDLAND CRED - ███ 2173,
JPMCB CARD - ████ 7669,
PORTFOLIO RC - ████ 2850,
DISCOVERBANK - ████ 8711,
WHDBY ISL BK - ███ 2256



My understanding is that full compliance with Metro 2, is the industry standard for proper credit reporting. For this reason, please make sure that these reports are in full compliance with Metro 2.

To respond to this letter, you may contact us by mail

**Mailing Address:**

Sincerely,

Crystal A Salazar

# Exhibit C

PO Box 9701
Allen, TX 75013

0012885   01 MB 0.922  **AUTO  T63 7209 60448-264321  -C01-P12697-I
CRYSTAL AMARO SALAZAR

**experian**™

CRYSTAL AMARO SALAZAR
Important Information

Report # 2870-0883-98 for 12/23/24

...recent request regarding your credit information that does not
...been sent directly by you or to be authorized by you. As a
...measure, we have not taken any action on your alleged request.
...the federal Fair Credit Reporting Act, "if the completeness or
...any item of information contained in a consumer's file at a national
...credit reporting company is disputed by the consumer and the
...notifies the company directly of such dispute, the company shall
...be free of charge." Therefore, you can dispute any inaccurate
...directly with Experian for free.

...believe that information in your personal credit report is inaccurate or
...please call us at the phone number 833-421-3400, or visit our
...web site to upload your documents at www.experian.com/dispute.

Case 1:25-cv-01755-RER-LKE   Document 1-2   Filed 03/31/25   Page 26 of 34   Page ID#: 705702/2025
26

# Exhibit D

NYSCEF DOC. NO. **454359706-002***
TransUnion LLC
PO Box 805
Woodlyn, PA 19094-0805

**TransUnion**

File Number: 454359706
Page: 1 of 1
Date Issued: 10/9/2024

PKRN6200I03764-I007527-221702694

CRYSTAL AMARO SALAZAR



We applaud your recent efforts to take charge of your credit. We want you to know we're on your side, and we're here to help support you on your path toward credit health.

We recently received a request that included your information, but it didn't appear that you or a properly authorized third party sent it to us. We take the privacy and security of your data very seriously, so we won't process requests unless they come directly from you or an authorized third party. If you're working with a third party such as a credit repair company or "credit clinic", they have to identify themselves in their communications to us, and provide proof that you've authorized them to communicate with us on your behalf.

It's important to know that if you see something on your TransUnion credit report that you believe is inaccurate, you can dispute it easily and securely on your own for free, without paying a fee to any company. If you've hired a credit repair company and they insist on payment up front, encourage you to misrepresent your credit information or instruct you not to contact a credit reporting agency directly, they are not acting lawfully. Learn more about credit repair and your rights at transunion.com/repairletter.

If you feel you received this letter in error, please contact us to confirm your identity and the information you wish to dispute. You may do this by visiting transunion.com/credit-disputes and selecting "Start Dispute" or you may contact us by phone at 800-916-8800 Monday - Friday 8:00AM - 11:00PM Eastern and on Saturday & Sunday 8:00AM - 5:00PM Eastern, excluding holidays.

You can count on us as a resource as you work to achieve your credit health goals - we want you to be able to get the financial opportunities you deserve.

Sincerely,

Your TransUnion Support Team

KRNB2_001 E03764-I007627 001 001

Case 1:25-cv-01755-RER-LKE   Document 7   Filed 03/31/25   Page 28 of 34 PageID #: 705702/2025

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** QUEENS
------------------------------------------------------------------x
CRYSTAL AMARO SALAZAR,

                          Plaintiff/Petitioner,

            - against -                              Index No.

TRANS UNION (OF DELAWARE), LLC dba
TRANSUNION and EXPERIAN INFORMATION

                          Defendant/Respondent.
------------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

        1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the
        New York State Courts E-filing system ("NYSCEF"), and

        2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your
  documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a
  scanner or other device to convert documents into electronic format, a connection
  to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

              - serving and filing your documents electronically

              - free access to view and print your e-filed documents

              - limiting your number of trips to the courthouse

              - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court
  contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: February 27, 2025

*[signature]*

Brian L. Ponder, Esq.
**Name**
BRIAN PONDER LLP

**Firm Name**

745 Fifth Avenue, Suite 500
**Address**

New York, New York 10151-0099

(646) 450-9461
Phone

brian@brianponder.com (not for servic
E-Mail

To:   TRANS UNION (OF DELAWARE

EXPERIAN INFORMATION SO

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| CRYSTAL AMARO SALAZAR,<br><br>       Plaintiff,<br><br>  vs.<br><br>TRANS UNION, LLC (OF DELAWARE), LLC dba TRANSUNION and EXPERIAN INFORMATION SOLUTIONS, INC. dba EXPERIAN,<br><br>      Defendants. | Index No. 705702/2025 |

---

## NOTICE OF FILING NOTICE OF REMOVAL
## WITH THE UNITED STATES DISTRICT COURT

---

Please take notice that Defendant Trans Union, LLC has filed the attached Notice of Removal with the Clerk of the United States District Court for the Eastern District of New York on March 31, 2025.  A true and correct copy of the Notice of Removal filed with the United States District Court Eastern District of New York is attached hereto as **Exhibit A**.

Date: March 31, 2025

**BUCHANAN INGERSOLL & ROONEY PC**

/s/ *Andrew G. Hope*_____
Andrew G. Hope (NY Bar ID No. 4913547)
640 5th Avenue, 9th Floor
New York, New York 10019-6102
215 665 5322 (o)
andrew.hope@bipc.com

*Counsel for Trans Union, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 31st day of April 2025, I caused a copy of the foregoing Notice of Filing Notice of Removal to be electronically filed with the Clerk via CM/ECF.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing systems. Parties may access the filing through the Court's CM/ECF System.

Dated: March 31, 2025                                         */s/ Andrew G. Hope____*
                                                                          Andrew G. Hope

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CRYSTAL AMARO SALAZAR                          CASE NO.

       Plaintiff,

  vs.

TRANS UNION (OF DELAWARE),
LLC, dba TRANSUNION and EXPERIAN
INFORMATION SOLUTIONS, INC. dba
EXPERIAN;

       Defendants.

## DEFENDANT EXPERIAN INFORMATION SOLITIONS, INC.'S CONSENT TO REMOVAL

Without waiving any of its defenses or other rights, Defendant Experian Information Solutions, Inc., hereby acknowledges its consent to the removal of this action from the Supreme Court of the State of New York, County of Queens to the Eastern District of New York.

Date:   March 28, 2025                          Respectfully submitted,

                                   */s/ Patrick L. Wright*
                                   Patrick L. Wright
                                   250 Vesey Street
                                   New York, NY 10281-1047
                                   pwright@jonesday.com
                                   (212) 326-3610

                                   *Counsel for Defendant, Experian Information Solutions, Inc.*